# EXHIBIT A

Date Served: 4/7/2
Name of Person Served: Doreen Tucker
Department Served: Legal
Time Served: 10:30
Method of Service: In Person

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

GRACE SESSIONS, *on behalf of herself*
*and all others similarly situated,*
c/o Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

     Plaintiff,

v.

BARCLAYS BANK DELAWARE,
125 South West Street
Wilmington, DE, 19801

     Defendant.

CIVIL ACTION FILE

No. **17A  02895-5**

2017 APR -5  AM 9: 10

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of the Superior Court of Gwinnett County and serve upon the Plaintiff's attorney, whose name and address is:

Justin T. Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _24th day of March, 2017_
(Date)

Richard T. Alexander, Jr.,
Clerk of Superior Court

By: _____
Deputy Clerk

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY. GA

2017 MAR 24  AM 9: 13

~~~~~~ ALEXANDER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| GRACE SESSIONS,<br>on behalf of herself and all others<br>similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE,<br>a Delaware Bank,<br><br>　　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action File No.<br><br>17A  02895-5<br><br>**Jury Trial Demanded** |

JURY DEMAND

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff, GRACE SESSIONS ("SESSIONS") seeks redress on behalf of herself and all others similarly situated to whose cellular telephone number a call was initiated by Defendant using an automatic telephone dialing system without the prior express consent of the called party. Plaintiff alleges that Defendant's conduct violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the regulations promulgated thereunder, 47 CFR § 64.1200.

## SUBJECT MATTER JURISDICTION

2.   Plaintiff brings this action for violations of the federal Telephone Consumer Protection Act pursuant to a private right of action conferred by Congress. *See* 47 U.S.C. § 227(b)(3).

3.   "[F]ederal law is as much the law of the several States as are the laws passed by their legislatures. Federal and state law 'together form one system of jurisprudence, which constitutes the law of the land for the State[.]'" *Haywood v. Drown*, 556 U.S. 729 (2009). Accordingly, "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Id. See also*, *Schneider v. Sasquehanna Radio Corp.*, 581 S.E.2d 603, 609 (Ga. App. 2003) ("We recently construed the TCPA as creating a private right of action in Georgia and conferring jurisdiction over such an action upon our state courts.") *citing Hooters of Augusta, Inc. v. Nicholson*, 537 S.E.2d 468, 470 (Ga. App. 2000) ("[W]e will not construe the TCPA in a manner which leaves Georgia citizens without a remedy").

4.   "So strong is the presumption of concurrency that it is defeated only in two narrowly defined circumstances: first, when Congress expressly ousts state courts of jurisdiction, [cits.] and second, '[w]hen a state court refuses

2

jurisdiction because of a neutral state rule regarding the administration of the courts,' [cits.] Focusing on the latter circumstance, we have emphasized that only a neutral jurisdictional rule will be deemed a 'valid excuse' for departing from the default assumption that 'state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" *Haywood*.

5. Nothing in the TCPA ousts Georgia Courts of jurisdiction.

6. "[T]he constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." *Asarco v. Kadish*, 490 U.S. 605, 617 (1989).

7. Georgia Courts permit plaintiffs to bring actions specifically authorized by statute regardless of whether or not Article III standing would exist in Federal Court. *See, e.g., Brissey v. Ellison*, 526 S.E.2d 851 (Ga. 2000) (In a case remanded from Federal Court for lack of Article III standing, recognizing that O.C.G.A. § 9-6-24 grants citizens standing to seek an injunction in Superior Court based merely upon the interest of having the laws executed and public duties enforced).

3

8.    Accordingly, regardless of whether or not the below allegations would be sufficient to establish concrete and particularized injury for jurisdiction in federal courts under Article III, the Supremacy Clause in the United States Constitution requires this court to entertain jurisdiction over plaintiff's federal claims without discrimination. *Haywood.*

9.    Notwithstanding, and as detailed below, as a result of Defendant's conduct, Plaintiff, and the members of the class she seeks to represent, have incurred damages and concrete and particularized injuries which are real, actually exist, and are personal to the Plaintiff and to the class members. Such injuries were caused by and are traceable to Defendant's conduct, and Plaintiff seeks redress in the form of damages on behalf of herself and the class of similarly situated individuals.

## PARTIES AND PERSONAL JURISDICTION

10.    Plaintiff, Grace Sessions, is a natural person who resides in Gwinnett County, Georgia and is authorized by law to bring this action.

11.    Defendant, BARCLAYS BANK DELAWARE ("BARCLAYS"), is a bank chartered under the laws of Delaware with its principal place of business located at 100 S. West Street, Wilmington, DE 19801.

4

12.   BARCLAYS is a nationwide provider of financial products and services, including the issuance of consumer credit cards.

13.   BARCLAYS markets its financial products and services throughout the country, including throughout the State of Georgia.

14.   BARCLAYS continually and systematically transacts business within Gwinnett County, Georgia.

15.   In the course of its business, BARCLAYS regularly uses the telephones to contact its current customers and prospective customers regarding business matters, including past due or delinquent accounts, or alternatively, to solicit new accounts from past, current, or prospective customers.

16.   In the course of its business, BARCLAYS initiated telephone calls to Plaintiff's cellular telephone within Gwinnett County, Georgia.

17.   Plaintiff's causes of action arise from telephone calls initiated by BARCLAYS to her cellular telephone within Gwinnett County, Georgia.

18.   BARCLAYS is subject to the jurisdiction and venue of this court.

19.   BARCLAYS may be served by personal service upon its officers or other authorized agent at its principal place of business in the State of Delaware, to wit: Barclays Bank Delaware, 100 S. West Street, Wilmington, DE 19801.

5

20.    Other defendants may be discovered in the course of litigation. As such,

Plaintiff respectfully requests that this Court permit the addition of later

discovered Defendants upon motion

## STATEMENT OF FACTS

21.    The named Plaintiff is the subscriber and regular user of cellular telephone

service for telephone number (678) 876-7657.

22.    BARCLAYS has initiated telephone calls to Plaintiff's cellular telephone

number.

23.    Plaintiff has never been a BARCLAYS customer.

24.    Plaintiff has never given BARCLAYS permission to call her cellular

telephone number.

25.    BARCLAYS has initiated a series of telephone calls to Plaintiff's cellular

telephone number using an automatic telephone dialing system.

26.    BARCLAYS used an automatic telephone dialing system to initiate calls to

Plaintiff's cellular telephone number in order to collect on an allegedly past

due or delinquent account, or alternatively, to solicit her to open an account.

27.    On or about December 16, 2015 as part of its dialing campaign,

BARCLAYS initiated a call to Plaintiff during which Plaintiff clearly and

unequivocally told the representative to cease calling her cellular telephone.

28.   Despite Plaintiff's demand on December 16, 2015 that BARCLAYS cease calling her cellular telephone, BARCLAYS continued to initiate calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, at times initiating multiple calls during the same day.

29.   Plaintiff answered calls from BARCLAYS where at the beginning of the calls a "dead air" silence of five (5) seconds or more can be heard prior to a representative appearing on the line.

30.   BARCLAYS uses contact center software which connects to its telephony hardware that together constitute a dialing system with the capacity to store telephone numbers, generate such telephone numbers from a stored database to be called either at random or in a sequence, and to dial such numbers.

31.   The telephone calls to Plaintiff's cellular telephone number, and to the class, were initiated using BARCLAYS' dialing system.

32.   BARCLAYS' dialing system has the capacity to store a database of telephone numbers.

33.   BARCLAYS' dialing system has the capacity to dial from a database of stored telephone numbers either at random or in a sequence, either pre-set or determined by algorithm.

7

34. BARCLAYS' dialing system has the capacity to dial thousands of numbers in a short period of time from a database of stored telephone numbers.

35. BARCLAYS' dialing system has the capacity to dial from a list of stored telephone numbers without human intervention.

36. Calls which include several seconds of "dead air" silence prior to a live representative appearing on the line are indicative of the use of predictive dialing software or other similar software where a system initiates a call rather than a live human.

37. All of the calls that BARCLAYS initiated to Plaintiff's cellular telephone number, and to the class, were initiated using software which has the capacity to predicatively dial.

38. Dialing systems, like those employed by BARCLAYS to call Plaintiff, lack human intelligence and continue to call until someone intervenes to force it to stop calling.

39. BARCLAYS' telephone calls to Plaintiff, and to the class, were initiated using its automatic telephone dialing system (ATDS).

40. BARCLAYS did not have Plaintiff's prior express consent to contact her on her cellular telephone using an automatic telephone dialing system.

41.  In addition, Plaintiff expressly requested that BARCLAYS cease calling during the December 16, 2015 call.

42.  BARCLAYS continued to initiate multiple calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, including multiple calls in a single day, after Plaintiff had clearly and unequivocally requested that the calls cease on December 16, 2015.

43.  BARCLAYS initiated calls to Plaintiff, and to the class, using an automatic telephone dialing system without the prior express consent of the called party.

44.  Prior to the December 16, 2015 call, and certainly after it, BARCLAYS knew or should have known that (678) 876-7657 was a cellular telephone number.

45.  In the alternative, BARCLAYS should have conducted a simple cellular telephone number scrub using a recognized database, such as Neustar, to determine that (678) 876-7657 was a cellular telephone number.

46.  Continuing to initiate calls to cellular telephone numbers without conducting a cellular scrub, particularly after a request to cease doing so, was in reckless disregard of BARCLAYS' obligations under the TCPA.

47. It was the intent of BARCLAYS to initiate the telephone calls to (678) 876-7657.

48. All telephone calls made by BARCLAYS to Plaintiff's and to the class members' cellular telephone numbers were knowingly and willfully initiated.

49. BARCLAYS had actual or constructive knowledge that it lacked the prior express consent of Plaintiff and class members when it used an automatic telephone dialing system to initiate calls to their cellular telephone numbers.

50. The above-described telephone calls to Plaintiff and to the class members cellular telephone numbers were not initiated by accident or mistake.

51. Manufacturers and vendors of dialing software, hardware and equipment, such as that employed by BARCLAYS, routinely provide their clients manuals and other media concerning TCPA compliance, in particular scrubbing or flagging of cellular telephone numbers.

52. Moreover, BARCLAYS has been a defendant in several TCPA lawsuits in the past; and as such, should have been aware of the TCPA and its compliance obligations thereunder.

53. The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated intentionally using an automatic telephone dialing system.

54.	The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated willfully and/or knowingly using an automatic telephone dialing system.

55.	BARCLAYS' use of an automatic telephone dialing system to initiate calls to cellular telephones did not result from accident or mistake.

56.	Plaintiff and the class members did not desire to receive such calls to their cellular telephone numbers and suffered particularized and concrete injuries as a result including, but not limited to, annoyance, nuisance, harassment, invasion of the their respective privacy interests, intrusion upon seclusion, and trespass or occupation of their respective telephone lines.

57.	Moreover, Congress has statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA, and BARCLAYS has harmed the named Plaintiff and class members by invading this legally protected right.

58.	The legally protected rights under the TCPA closely relate to rights enforceable at common law, including but not limited to the torts of intrusion upon seclusion, harassment, tortuous infliction of emotional distress, and unreasonable collection practices.

59.	All conditions precedent to bringing this action have been complied with.

11

## CLASS ALLEGATIONS

60.   This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by or on behalf of BARCLAYS (ii) to such person's cellular telephone number (iii) using the same or similar telephone dialing system(s) used by Defendant, or any person on its behalf, to call (678) 876-7657 (iv) in the four year period preceding the filing of this action, through the date of class certification; (v) excluded from the class are those persons who directly provided his or her cellular telephone number to BARCLAYS and did not subsequently revoke consent.

61.   The exact size of the class is information within the exclusive knowledge of the Defendant.

62.   The class is so numerous that joinder of all members is impractical.

63.   The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  This allegation is based upon the following information: 1) Plaintiff herself received many calls to her cellular telephone from BARCLAYS, indicating Defendant did not scrub to remove cellular telephone numbers; 2) the very purpose of automated dialers is to call numerous persons in a short amount of time, and Plaintiff received multiple calls to her cellular telephone; and 3)

the sheer size and scope of BARCLAYS' collection and marketing campaigns.

64.   There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

      a.   Whether BARCLAYS' dialing system(s) constitutes an automatic telephone dialing system under the TCPA and/or the FCC's rules; and

      b.   Whether the telephone calls were made knowingly or willfully.

60.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

61.   Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling TCPA robocall actions and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

62.   Certification of the class under Fed. R. Civ. P. 23 is appropriate in that:

      a.   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

63.    Plaintiff requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(3) for her claims of monetary damages.

64.    Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

65.    Plaintiff requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(2) for her claims for injunctive relief.

## CAUSES OF ACTION

### COUNT ONE:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF AUTOMATIC TELEPHONE DIALING SYSTEMS

65.   The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of an automatic telephone dialing system to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

66.   Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

67.   The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of automatic telephone dialing system.

68.   Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of an automatic telephone dialing system in the future.

69.   In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit

15

Defendant from continuing use of an automatic telephone dialing system without the prior express consent of the called party in the future.

## COUNT TWO: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM

70. The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of automatic telephone dialing systems and the regulations promulgated thereunder.

71. Defendant used an automatic telephone dialing system when it made and/or initiated calls to plaintiff's cellular telephone number.

72. Defendant's violations of the TCPA include, but are not limited to, the following:

73.     Making and/or initiating telephone calls using an automatic telephone dialing system . . . to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

74. As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

16

75. Defendant's violations were committed willfully and knowingly.

76. Plaintiff, on behalf of herself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(b)(3).

## COUNT THREE: BAD FAITH ATTORNEY FEES

77. Defendant willingly, knowingly, and intentionally violated the TCPA in making autodialed telephone calls to Plaintiff's and class member's cellular telephone numbers without the parties' prior express consent.

78. "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

79. "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

80. Defendant has acted in bad faith, been stubbornly litigious or caused the Plaintiff, and the class members, unnecessary trouble and expense, and as

such, Plaintiff and the class members are entitled to an award of litigation expenses, including a reasonable attorneys' fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

81.   Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

82.   Plaintiff hereby demands that the Defendant take affirmative steps to preserve all telephone recordings, data, emails, other recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to

18

preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of herself and the class she seeks to represent against Defendant, as follows:

A.  Certification of this matter to proceed as a class action;

B.  That Plaintiff and the class be awarded damages in the liquidated amounts provided by statute;

C.  That Plaintiff and the class be awarded treble damages;

D.  In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that the defendant be permanently enjoined from making telephone calls using the equipment used to call plaintiff, without the prior express consent of the called party.

E.  In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that defendant be subjected to formal quarterly reviews through an independent third-party auditor as to compliance with the injunction above, and submit such audits to plaintiff's counsel and the Court;

F.    In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that defendant be required to keep track of any allegation by any person that they may have been called without their consent. Each such allegation shall be investigated by the defendant, and the results of such investigation, including what equipment was used to make such calls, shall be included in the complaint database. The complaint database shall be submitted on a quarterly basis along with the independent auditor's report.

G.    That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee.

H.    That Plaintiff and members of the class be awarded such additional relief as deemed just and proper.

Respectfully submitted,

SKAAR & FEAGLE, LLP

By:

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com

Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Tel:    (404) 373-1970
Fax:    (404) 601-1855

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
Tel:    (770) 427-5600
Fax:    (404) 601-1855


**BURKE LAW OFFICES, LLC**

Alexander H. Burke*
aburke@burkelawllc.com
Daniel J. Marovitch*
dmarovitch@burkelawllc.com
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
* applications *pro hac vice* to be filed

ATTORNEYS FOR PLAINTIFF

21

# General Civil Case Filing Information Form (Non-Domestic)

CLERK SUPERIOR COURT OFFICE
GWINNETT COUNTY, GA

2017 MAR 24  AM 9: 13

RICHARD ALEXANDER CLERK

**Court**
☑ Superior
☐ State

**County** Gwinnett

**Date Filed** 03/24/2017
MM-DD-YYYY

**Docket #** _____

17 A 02895 6

## Plaintiff(s)

Sessions, Grace

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |

**No. of Plaintiffs** 1

**Plaintiff/Petitioner's Attorney**  ☐ Pro Se

Holcombe, Justin  T.

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 552100

## Defendant(s)

Barclays Bank Delaware

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |

**No. of Defendants** 1

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil (Specify) Statutory Action
Telehone Consumer Protection Act, 47 USC 227

### If Tort is Case Type:
#### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other (Specify)_____

Are Punitive Damages Pleaded?  ☐ Yes  ☐ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1